UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br>v.<br><br>WILLIAM D. FUCHS,<br><br>                       Defendant. | Case No. 12-CR-46-JPS<br><br><br>ORDER |

On February 28, 2012, a grand jury sitting in the Eastern District of Wisconsin returned a one-count indictment against William D. Fuchs ("Fuchs"), charging him with failing to register as a sex offender in violation of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a). On March 19, 2012, Fuchs filed a motion to dismiss the indictment. (Docket #15). On May 2, 2012, United States Magistrate Judge Nancy Joseph issued a recommendation to this court that Fuchs's motion to dismiss be denied. (Docket #21). Fuchs subsequently filed an objection to the Magistrate's recommendation. On May 29, 2012, the government filed a response to Fuchs's objection. Accordingly, the court is now prepared to rule on Fuchs's motion.

1.      Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(B), a magistrate may consider dispositive motions and issue recommendations to the district judge regarding the motions. *See id.* When a party objects to a magistrate's findings, the district court judge must make *de novo* determinations as to these findings. *See id.* § 636(b)(1)(C); *see also Delgado v. Bowen,* 782 F.2d 79 (7th

Cir. 1986). The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate and has the final authority of judgment in the case. *Delgado*, 782 F.2d at 82.

2.  Analysis

Here, the indictment alleges that Fuchs was convicted of a felony sex offense on November 22, 1995, in the State of Wisconsin, that subsequent to that conviction Fuchs traveled in interstate commerce, and that Fuchs was required to update his registration with the State of Wisconsin under SORNA. The indictment further alleges that beginning on July 18, 2010, and continuing until January 25, 2012, Fuchs did knowingly and unlawfully fail to update his registration as required under SORNA.

Fuchs has filed a motion to dismiss the indictment for failing to sufficiently allege facts constituting a federal crime. Fuchs argues that: (1) the indictment alleges violations that occurred before the date when SORNA's criminal provisions can be legally applied retroactively; and (2) the indictment fails to allege that SORNA's interstate travel element was undertaken for an illicit purpose, as required by *Carr v. United States*, 130 S.Ct. 2229, 2235, 2239 (2010). The court will consider each argument in turn.

2.1  Retroactivity of SORNA

As noted by the Magistrate, Congress enacted SORNA to implement a national sex offender registry. 42 U.S.C. § 16901. SORNA also makes it a crime if a person who is "required to register under [the Act]" and who "travels in interstate…commerce" knowingly "fails to register or update a registration." 18 U.S.C. § 2250(a). This Act became effective on July 27, 2006, the date the President signed it into law. Thus, SORNA applied immediately

to all subsequently convicted sex offenders. For sex offenders convicted before SORNA's enactment, the Act authorized the Attorney General "to specify the applicability of the requirements of [SORNA] to sex offenders convicted before the enactment of [SORNA] or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders." 42 U.S.C. § 16913(d).

On February 28, 2007, the Attorney General, pursuant to 42 U.S.C. § 16912(d), issued an interim rule making SORNA retroactive to all sex offenders convicted prior to July 27, 2006 – the day of SORNA's enactment. 28 C.F.R. § 72.3. The rule was made effective immediately and was issued without a pre-promulgation comment or notice period, although the Attorney General stated that he would accept comments on the rule through April 30, 2007. 72 Fed.Reg. 8894, 8895-97 (2007).

On July 2, 2008, the Attorney General published final guidelines ("SMART guidelines") for interpreting and implementing SORNA. *See* 73 Fed.Reg. 38030 (2008). On December 29, 2010, the Attorney General responded to comments he had received on the issue of retroactivity and finalized the interim rule. 75 Fed. Reg. 81, 849, 81, 850. The Attorney General stated that the effective date of this latest final rule was January 28, 2011, which was thirty days after its publication.

Here, the issue is when SORNA was made retroactive to pre-enactment sex offenders such as Fuchs. The three contenders include: (1) February 28, 2007, the date of the interim rule; (2) August 1, 2008, the effective date of the SMART guidelines; or (3) January 28, 2011, the effective date of the finalized interim rule. Fuchs asserts that the February 28, 2007 interim rule is not valid as it was issued in violation of the Administrative

Procedures Act's ("APA") pre-promulgation notice and publication requirements.[1] Instead, he argues that the earliest date that SORNA could be considered retroactively applicable to pre-enactment offenders is January 28, 2011, the date on which the Attorney General finalized the interim rule.

In holding the interim rule invalid, Fuchs would have the court follow the reasoning of the Fifth, Sixth, and Ninth Circuits, all of whom have found that the Attorney General lacked good cause for issuing the interim rule by not adhering to the notice-and-comment and publication requirements of the APA. *See United States v. Johnson*, 632 F.3d 912, 928-30 (5th Cir. 2011)*; United States v. Cain*, 583 F.3d 408, 419-24 (6th Cir. 2009); *United States v. Utesch*, 596 F.3d 302, 310 (6th Cir. 2010)*; United States v. Valverde*, 628 F.3d 1159 (9th Cir. 2010). However, much like the Magistrate's conclusion, this court finds that the Seventh Circuit has deemed the February 28, 2007 interim rule valid. Accordingly, the court is constrained to find that SORNA was made retroactive to pre-enactment sex offenders, such as Fuchs, on February 28, 2007.

---

[1] Generally under the APA, 5 U.S.C. § 500 *et seq.*, an agency must follow specific procedures before issuing a rule. "These procedures include: (1) publication of notice of the proposed rule in the Federal Register, 5 U.S.C. § 553(b); (2) a period for interested individuals to comment on the proposed rule, *id.* § 553(c); and (3) publication of the adopted rule not less than thirty days before its effective date, *id.* § 553(d)." *Mora-Meraz v. Thomas,* 601 F.3d 933, 939 (9th Cir. 2010). However, the agency is relieved of these obligations "when the agency for good cause finds (and incorporates the finding and a brief statement of reasons therefor in the rules issued) that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest." 5 U.S.C. § 553(b)(3)(B). In issuing the interim rule on the retroactivity of SORNA, the Attorney General invoked the "good cause" exception.

The court's reasoning tracks that of the Magistrate's recommendation. First, in *United States v. Dixon*, the Seventh Circuit – in a parenthetical – dismissed a challenge to the interim rule based upon non-compliance with the APA as "frivolous." *United States v. Dixon*, 551 F.3d 578, 583 (7th Cir. 2008) *rev'd on other grounds sub nom.* Additionally, when presented with the question of the validity of the interim rule in *United States v. Musser*, No. 09-CR-224, 2009 WL 4668243, at *3 (E.D. Wis. Dec. 2, 2009), Judge William C. Griesbach adopted Magistrate Judge Aaron E. Goodstein's recommendation that *Dixon* forecloses any challenge to the validity of the interim rule based on non-compliance with the APA. Indeed, Magistrate Goodstein investigated the substance of the APA argument deemed "frivolous" by the *Dixon* court, finding that it was identical to the argument made by the defendant in *Musser* and that of Fuchs in this case. Moreover, there has been no change in the law in this circuit since *Dixon*. In other words, no other district courts considering the issue have found the interim rule invalid under the APA. Nor has the Seventh Circuit, itself, expressed a viewpoint to the contrary.

The defendant argues that *Dixon*'s rejection of the APA argument was dictum and, therefore, not controlling on this court. In fact, Fuchs further argues that the Seventh Circuit's use of the word "frivolous" to describe the APA non-compliance argument is simply incorrect. He notes that an argument is frivolous if it is lacking a legal basis or legal merit. *See* BLACK'S LAW DICTIONARY 677 (7th Ed. 1999). However, Fuchs asserts that the APA argument cannot be frivolous because the argument has been accepted and adopted by three other circuits – thus, it must have some legal merit. While this court agrees that use of the word frivolous may have been a poor choice

of adjective, the *Dixon* court's treatment of the APA argument leaves no room for doubt regarding the Seventh Circuit's opinion of that argument. The court found it ineffective and summarily dismissed it as such. And, even if *Dixon*'s rejection of the APA argument is categorized as dictum, there is no controlling Supreme Court ruling on the issue. Thus, this court is required to "give great weight to the pronouncements of its Court of Appeals, even though those pronouncements appear by way of dictum." *Max M. v. Thompson*, 585 F.Supp. 317, 324 (N.D. Ill. 1984). Indeed, in *United States v. Rappe*, 614 F.3d 332, 333 (7th Cir. 2010), although the APA challenge to the interim rule was not at issue, the court stated that the effective date of SORNA for a pre-enactment defendant is February 28, 2007, the date of the interim rule. Therefore, the Seventh Circuit has also implicitly reaffirmed its finding – or dictum – in *Dixon* that the February 28, 2007 interim rule is valid. Further supporting the court's decision to adhere to the *Dixon* court's treatment of the APA argument is the fact that in *United States v. Carr*, 130 S.Ct. at 2235-36, the Supreme Court recognized the conflict among the circuits on the validity of the interim rule, noting that the Seventh Circuit has "taken the position that the Act did not apply to such offenders until the Attorney General provided for their inclusion by issuing an interim regulation." Thus, the Supreme Court has construed *Dixon* as holding that the interim rule is valid under the APA. Accordingly, the court is constrained by *Dixon* to accept the interim rule as valid. In turn, the February 28, 2007 date controls as the effective retroactivity date in this case.

Here, the indictment does not specify the date that Fuchs allegedly traveled in interstate commerce. It merely states "subsequent to" his

conviction in 1995. However, as noted by the Magistrate, "subsequent to" 1995 may include a period of time after February 28, 2007. Moreover, the indictment also alleges that Fuchs failed to update his registration on or about July 18, 2010, and continuing until January 25, 2012, a period well after February 28, 2007. So long as the interstate travel subsequent to his 1995 conviction was after the February 28, 2007 interim rule and, after traveling, he failed to update his registration in the time period alleged in the indictment, SORNA applies to Fuchs. Thus, dismissal of the indictment is not warranted.

### 2.2. Commerce Clause

In his motion to dismiss, Fuchs also argues that the indictment fails to allege that SORNA's interstate travel element was undertaken for an illicit purpose, as required by *Carr v. United States*, 130 S.Ct. 2229 (2010). However, this court agrees with the Magistrate that Fuchs's argument is unavailing as the Seventh Circuit, in *United States v. Vasquez*, 611 F.3d 325 (7th Cir. 2010), has held that SORNA did not exceed Congress's authority under the Commerce Clause. In *Vasquez*, the defendant was convicted of knowingly failing to register as a sex offender after traveling in interstate commerce. *Id.* Like Fuchs, the defendant argued that the statute was unconstitutional because the interstate travel had no connection to the failure to register. However, the Seventh Circuit upheld the constitutionality of the statute, over strong dissent, holding that the statute in question was a permissible exercise of congressional power under the Commerce Clause because the use of the channels and instrumentalities of interstate commerce were necessarily a part of the commission of the targeted offense. *Id.* at 330. The court reasoned that

Vasquez – who had failed to register as a sex offender in Illinois – was undeniably a "person in interstate commerce" when he moved from Illinois to California, and traveled to California via the "channels of interstate commerce." *Id.* The Seventh Circuit found SORNA's failure to require a connection between the travel and the criminal act of failing to register "not fatal." *Id.* Indeed, the court explicitly noted that the act of travel, on its own, was sufficient to bring the defendant's subsequent failure to register within Congress's power to regulate. *Id.* at 331.

Nevertheless, Fuchs would have this court reconsider the issue, contending that the Seventh Circuit's *Vasquez* decision got it wrong. Although Fuchs's argument finds strong support in the dissent in *Vasquez*, the Seventh Circuit's decision that SORNA does not violate the Commerce Clause remains controlling law in this circuit. Indeed, the Seventh Circuit confirmed this holding in *United States v. Sanders*, 622 F.3d 779 (7th Cir. 2010), and declined a more recent invitation to reconsider it in *United States v. Kendrick*, 647 F.3d 732 (7th Cir. 2011). Thus, in light of the Seventh Circuit's precedent, and the fact that Fuchs has not distinguished his case from that of the defendants in *Vasquez* or *Sanders*, Fuchs's Commerce Clause challenge must be rejected.

Ultimately, the court finds that the indictment sets forth each of the elements of a SORNA violation. Accordingly, the court will adopt the Magistrate's recommendation in its entirety and deny Fuchs's motion to dismiss the indictment.

Therefore,

IT IS ORDERED that the May 2, 2012 recommendation of Magistrate Joseph (Docket #21) that the defendant's motion to dismiss (Docket #15) be denied be and the same is hereby ADOPTED; and

IT IS FURTHER ORDERED that the defendant's motion to dismiss (Docket #15) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 13th day of June, 2012.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge